H Hv

08CV4982
JUDGE PALLMEYER
MAG. JUDGE COX

State       )
of          )SS.
Illinois)

RECEIVED
ww
SEP 0 2 2008
SEP 02 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Office of
Clerk of The U.S. District Court
United States Courthouse
Chicago, Illinois

| People of the State Plaintiff | ) ) ) | |
|---|---|---|
| vs. | ) ) ) | Case # M-07CF00749 |
| Benny L. Willis Petitioner | ) ) ) | |

**Petition for Writ of Habeas Corpus**

To the Honorable Courts:

This is a petition for a writ of Habeas Corpus, upon the ground that the petitioner is being deprived of his liberty without due process of the law, contrary to the provisions of the Fourteenth Amendment to the Constitution of the United States of America. 1) Petitioner's arrest stems from the statement of an intoxicated individual, which is a violation of the Fifth Amendment that protects citizen against self incrimination. 2) Petitioner has been victimized by a warrantless arrest in violation of the Fourth Amendment, which secures citizen in their persons, houses, papers, and effects, against unreasonable searches and seizures. 3) Petitioner has been indicted without a "**preliminary hearing**", in violation of the requirements of "Federal Rule of Criminal Procedure", rule 5(a) 18 U.S.C.A. 4) Petitioner has not been confronted with his accuser, therefore, petitioner hasn't had an opportunity to cross-examine them. This is a privilege guaranteed to all citizens by the "Sixth Amendment". 5) Petitioner has not had a full and fair pre-trial hearing of any sort, though, an "**evidentiary hearing**" was scheduled but never held. Also, petitioner gave his court appointed lawyer, Mr. Alex Beck, a copy of a motion to **Quash Arrest and Suppress Evidence**. That was never submitted to the courts by Mr. Beck, who

claimed that you don't challenge the constitutionality of a case at this stage of the proceedings. Petioner feels that his constitutional rights as a citizen of the United States have been gravely infringed upon.

Therefore, petitioner has taken the initiative to submit this petition for **Writ of Habeas Corpus**, in hopes that the honorable court will review the court records in its entirety to determine the validity of said case. Whereupon, petitioner hopes and prays that an order will be entered granting him immediate release from custody.

Respectfully Submitted,

Benny L. Willis

# Affidavit

I Benny Willis L. swear under the penalty of perjury that the following is true and correct to the best of my knowledge and ability.

1. That, petitioner " Benny Willis" arrest stemmed from a coerced confession given by " Pierre Felder", who was highly intoxicated during confession.

2. That petitioner was indicted without being given a preliminary hearing to establish probable cause.

3. That petitioner has not been identified by any victims in either case as being the perpetrator in neither of the two crimes for which he is accused of.

4. That petitioner " Benny Willis ", has been incarcerated against his will since Aug.23,2007.

5. That petitioner is being restrained of his liberty in violation of the United States Constitution due process.

6. That petitioner has been arrested without arrest warrant and affidavit to support such warrant.

7. That petitioner has been denied his Sixth Amendment right, therefore; he has not been confronted with his accuser so he can cross examine them.

8. That petitioner hopes and pray that this honorable court will grant him immediate release after reviewing the court records, minutes etc.

The affiant has personal knowledge of the previous statements.

OFFICIAL SEAL
KATHLEEN G DENT
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:07/16/12

Kathleen G Dent
8-18-08

Benny Willis

## Statement of Facts

On August 23, 2007, around the time of 9:30 a.m., I, Benny L. Willis, was a passenger in my mother's car, who was driving at the time. As she drove down Western Ave., we were being followed by the police. Upon stopping at a red light, two officers jumped out of their individual cars, one in front to the left of us, the other in the back. Both officers had their guns drawn, pointing them at the car. The passengers in the car included my mother, 2 other adult females, three children, and myself, who was the only male. I was snatched out of the back seat, thrown to the ground, handcuffed, then rushed to the University Park Police Station. At this time, I was obviously under arrest, nobody read me my rights nor was I informed why my belongings were taken from me. The police officers' actions are a violation of my Fourth Amendment rights which secures my persons, houses, papers and effects against unreasonable searches and seizures. Nor was I shown a warrant, describing the place to be searched and the persons or things to be seized. see [U.S. V. Watson 423, U.S. 411, 424, 96 S.Ct. 820m 46 L.Ed. 2d 598 (1996)]; see: [ Avater V. Lago Vista. 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed 2d. 549 (2001)]. **Stating that if an officer has probable cause to believe that an individual has committed even a very minor criminal offense in his presence, he may without violating the Fourth Amendment, arrest the offender.** The Fourth Amendment exclusionary rule extends to the indirect as well as direct products of unconstitutional conduct (for example: police manufacturing probable cause) in determining whether evidence is tainted by prior illegality, the court must determine whether the evidence was come at by exploitation of the initial illegality or instead by means sufficiently distinguishable to be purged of the primary taint. U.S.C.A Const. Amend 4 [ **citing U.S. v. Robeles-Ortega, 348 F. 3d 679, rehearing denied]**. Willis contends that if the primary taint is purged, his case is without merit.

Knowing that I was illegally arrested, I asked Detective Jones several times why was I arrested. As opposed to answering my question, he called one, Mr. Inspector Box, who proceeded to explain to me that the day before I was arrested (Aug. 22, 2007), they had spoken with a gentleman named Pierre Felder. He informed them that I was allegedly his accomplice in an armed robber, that occured on the 13th or 14th of August, 2007. Knowing that I saw and spoke with Mr. Felder on the day of his arrest (Aug. 22, 2007), I knew officers were not telling the truth because Mr. Felder was extremely intoxicated that day from drinking and using other drugs. Being mindful of that fact, I made it known to officers that it was impossible because Mr. Felder was too drunk to give an accurate statement about anything. The Supreme Court of Illinois holdings: to determine whether a confession were [voluntary]...consider the totality of the circumstances surrounding it, including the ...age, intelligence, education, experience and physical condition at the time of the detention and interrogation; the duration of the interrogation, the presence of any physical or mental abuse, **citing [People v. Willis, 831 N.E.2d. 531, Ill 2005] but, if the confession is found [involuntary] in effect, that deprives the police officers from having any benefit gained from it. That is the exclusionary rule for the**

**Fruit of Poisonous Tree** Willis search and seizure has no probable cause to effectuate his arrest because of the nexus between the primary illegality of statement made by a drugged or intoxicated person being used by police officers to obtain evidence to arrest Willis ,see [**US v. Pedroza ,269 F. 3d 821, post conviction relief denied 2003,WL 1923527**] . also citing [**Townsend v Sain, 83 S.Ct. 745,372 US. 293(US .ILL1963)**. Numerous decisions of this court have established the standards governing the admissibility of confessions into evidence. If an individuals will was overborne or his confession was not the product of a rational intellect and a free will .His confession is inadmissible because coerced. These standards are applicable whether a confession is the product of physical intimidation or psychological pressure and, of course, are equally applicable to a drug induced statement.

Hearing this, Inspector Box, took me to another room, where he sat me down in a chair with my hands cuffed together. He played an audio video for me that showed a drunk Mr. Felder, smoking cigarettes(in a smoke free environment) as he gave a verbal statement on tape. Unable to hear exactly what was being said by Mr. Felder on tape, Inspector Box showed me a hand written statement with a drunk Mr Felders sloppy signature on it. Though petitioner Benny L. Willis cannot recall seeing his name written within statement, the statement was suppose to be written about him (as the character Debo) according to Mr Felder, or police officer Inspector Box? Obviously, Pierre Felder was threatened by officers which violates the rules in the case of [**Waley v. Johnston,62 S. Ct.964,316 (U.SCAL. 1942)** for a conviction on a plea of guilty coerced by a federal law enforcement officer is no more consistent with due process than a conviction supported by a coerced confession. **Bram v. United States, 168 US.532,18 S.Ct. 183, 187, 42Led. 568; Chambersv. Florida, 309 US.227,60 S.Ct 472,84 L.Ed. 716.** And if his plea was so coerced as to deprive if of validity to support the conviction , the coercion likewise deprives it of validity as a waiver of his right to assail the conviction. **Johnson v, Zerbst, 304 US.458,467,58 S.Ct.1019, ,1024,82 L.Ed. 1461**].

Officers actions Were very unlawful for the following reasons;

1) informant was intoxicated , therefore his information was not enough to get a warrant for petitioners arrest. Citing [**Dunaway v. State of New York, 99 S.Ct2248, 442 US.200,60L.Ed.2d.824**]

2)informant gave no corroborating evidence to support his extra judicial statement, citing[**Opper v. Uniter States, 75 S. Ct. 158, 348 U.S.84,45 A.L.R.2d. 1308,99 L.E.D.101**]. (stating) other decisions tend to follow the rule enunciated in [**Forte v. United States,68 App.D.C111,94 F.2d. 236,240 244, 127 A.L.R.1120**], that the corroboration must consist of substantial evidence independent of the accused extra judicial statements, which tends to establish the whole of the corpus delicti. Despite Mr. Felders statement implicating me in this crime I maintain my innocence, citing [**Kirby v. US. 19 S.Ct. 574, 174,US. 47** ]. This presumption this court has said is an instrument of proof created by the law in favor of one accused, were by his innocence is established, until sufficient evidence is introduced to overcome the proof which the law has created . Citing [**Coffin v. US.,156 US. 432,459, 15Sup.Ct. 394**]. And it is an elementary principle of justice that one man shall not be affected by another's act or admission to which he is a stranger. That a conviction being also on the confession of the parties, the adjudged cases show that it is not evidence against the defendant [**Rex V. Turner, 1 Moody, Cr. Cas. 347; Lewin Cr. Cas. 229; 1 Green, Ev. 233, Rosc; Cr. Ev. (2d. Ed) 50; State v. Newport , 4 Har. (Del ) 567**].

After being held at the University Park Police Station for approximately twelve hours, the Petitioner was transported to the Crete Police Station where he was held until the next morning, which was August 24th, 2007. He was then transported to the Will County Adult Detention Facility, Joliet, IL, where he appeared before video court, and a bond was set at $100,000.00. A preliminary hearing was scheduled but was never held, in violation of an Illinois statute which requires one arrested without a warrant to be taken before a magistrate without unnecessary delay, and allegedly coerced, was not admissable [citing] **People v. Hall, 110 N.E.2d. 249, 413, III 615 (1953). [Also citing] Mallory v. U.S.77 S.Ct. 1356, 354 U.S. 449 (1959).** The requirements of rule 5(a), paragraph (c), preliminary examination. [citing] **People v. Wead, 363, III.App.3d, 121, 299 III (Dec. 488)**, court held that "any significant pretrial restraint of liberty" requires a determination of probable cause made by a judicial officer either before or promptly after arrest. [citing] **County of Riverside v. MacLaughlin, 500 U.S. 44, 56, III S.Ct. 1661, 1670, 114 L.Ed. 2d. 49, 63 (1991)** court held promptness requirement of Gerstein requires probable cause determinations within 48 hours of warrantless arrest; **725 ILCS 5/109-1 (a) (West 2002)** a person arrested with or without a warrant shall be taken without unnecessary delay before the nearest and most accessible judge in that county. Such lawful conduct would have afforded the Petitioner an opportunity to be confronted with his accuser and cross-examine them [citing] **Pointer v. Texas, 85 S.Ct. 1065, 380 U.S. 400 (U.S. Tex 1965)** stating a defendant's constitutional rights to be confronted with the witness against him includes the right to cross-examine those witnesses, **U.S.C.A Const. Amend 6**. The fact that this right appears in the Sixth Amendment of our Bill of Rights, reflects the belief of the "Framers", of those liberties and safeguards that confrontations was fundamental right essential to fair trial in a criminal prosecution;

On November 7, 2007, Pierre Felder submitted an Affidavit of Merit, stating that the Petitioner is not his accomplice in committing said offense. And that he, Mr. Felder, was highly intoxicated at the time of his arrest and questioning. In January, 2008, Mr. Alex Beck attempted to tender said Affidavit during motion for bond reduction on behalf of Mr. Willis. Mr. Sutton, on behalf of Mr. Felder, objected to Mr. Beck, action claiming that said affidavit was involuntarily submitted by Mr. Felder, through his (then) court appointed attorney, Mr. Leonard. Being that the facts were in dispute, an evidentiary hearing was scheduled but never held. **Townsend v. Sain, 83 S.Ct. 745, 372 U.S. 293 (U.S. III 1963)**. We turn now to the consideration which in certain cases may make execrcise of that power mandatory. The appropriate standard--which must be considerd to supercede, to the extent of any inconsistencies, the opinions in **Brown v. Allen**--is this: Where the facts are in dispute, the federal court in habeas corpus must hold an evidentiary hearing if the habeas appicant did not receive a full and fair evidentiary hearing in a state court, either at the time of the trial or in a collateral proceeding. In other words, a federal evidentiary hearing is required [372 U.S. 313] unless the state-court trier of fact has after a full hearing reliably found the relevant facts.

[372 U.S. 319] Third.  A District Court sitting in habeas corpus clearly has the power to compel production of the complete state-court record.  Ordinarily such a record--including the transcript of testimony (or if unavailable some adequate substitute, such as a narrative record), the pleadings, court opinions, and other pertinent documents--is indispensable to determining whether the habeas applicant received a full and fair state-court evidentiary hearing resulting in reliable findings.  See > United States ex rel. **Jennings v. Ragen, 358 U.S. 276, 79 S.Ct. 321, 3 L.Ed.2d 296;** > **Townsend v. Sain, 359 U.S. 64, 79 S.Ct. 655, 3 L.Ed.2d 634.**  Of course, if because no record can be obtained the district judge has no way of determining whether a full and fair hearing which resulted in findings of relevant fact was vouchsafed, he must hold one.  So also, there may be cases in which it is more convenient for the district judge to hold an evidentiary hearing forthwith rather than compel production of the record.  It is clear that he has the power to do so.

In summation petitioner states for the record that his constitutional rights have been infringed upon and to combat that infringement, petitioner adheres to his belief in the constitution being the supreme law of the land. And, God's willing that the Judge or Judges, hearing this petition will enforce those laws to the fullest extent. Thank you for your time and patience.

Sincerely Submitted,

Benny L. Willis

Aug. 26, 2008

To the honorable "Judge or Judges", who may review the legal contents of the enclosed documents. First, and most importantly I would like to take a brief moment to extend my sincerest apology to your court for bothering you with my concerns, but, the illegalities which i'm presently experiencing have compelled me to seek your expertise. I've been incarcerated since "Aug. 03, 2007". I haven't had a "preliminary hearing", or, any other pre-trial hearing of any sort, and now they are intending on taking me to trial "Sept. 8th or 9th 08". By the grace of "God", i've come to read (by way of my personal research) Fay v. Noia, 83 S.Ct. 822, 372 U.S. 391 (U.S. N.Y. 1963) that explains to me how to remedy certain legal disputes. Such as the "evidentiary hearing", that was scheduled by the court but never held. I didn't know how to combat someone else's coerced confession against me until I read "Fay v. Noia". I know that i'm not a professional attorney and believe me when I say that I am fearful of the unknown, I mean that. For, i've never had to file a petition of any sort before in my life. Thank "God", that the aformentioned case lead me to read "Ex parte Royall, 6 S.Ct. 734, 117 U.S. 241 (U.S. Va. 1886). The full court authorizes such petitions before trial, provided that, one's constitutional rights are being infringed upon. I hope and pray that your honorable court will review my case entirely and assist me any way you see fit. Thank you: Benny Willis